CLARISSA E. GRAHAM, Respondent, v. EDWIN F. LAUGHLIN and Another, Appellants.— Plaintiff was in the employ of defendants as a cook and general houseworker. On October 18, 1934, she was directed by her employers to clean a cornice in the parlor. In doing so it was necessary for her to use a stepladder. Her employer directed her to collapse the ladder. The floor on which it rested was polished mahogany. When plaintiff ascended the ladder and while attempting to clean the cornice the ladder slipped and she fell to the floor, sustaining injuries. Her complaint charges negligence in failing to provide a safe place to work and also alleges a cause of action under the Employers' Liability Act. The Employers' Liability Act, however, does not apply. Judgment reversed on the law, with costs, and complaint dismissed, with costs. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.

LAUREL E. GIBSON, as Administrator, etc., of FRANK P. GIBSON, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 23796.) HAROLD E. HUGHES, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 23797.) — Appeal from order of Court of Claims which reopened these cases and restored them to the calendar for the taking of further testimony on behalf of the defendant. The cases had been tried and the testimony closed but they had not yet been decided. The defendant moved to reopen on the grounds that certain witnesses whose whereabouts were unknown at the time of the trial had since been located and were available and also that another witness who was not produced at the trial because the defendant was unable to interview and subpœna him, had since the trial been located and interviewed and that he would, if called, testify materially in aid of the defense. The plaintiffs claim lack of due diligence on the part of the State to locate these witnesses and ascertain their knowledge of the facts and also that the State is guilty of laches in making its application. The order was discretionary. Order affirmed. Hill, P. J., Rhodes, McNamee and Bliss, JJ., concur; Crapser, J., dissents on the ground that the application made to reopen was in the nature of a motion for a new trial on the ground of newly-discovered evidence, and the affidavit on behalf of the State failed to show due diligence on the part of the State.